UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ALAN TOAZ,

  Movant,          Case No. 1:18-CV-1193

v.               HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

  Respondent.
_____/

## OPINION REGARDING § 2255 MOTION

Movant, Craig Alan Toaz, has filed a motion pursuant to 28 U.S.C. § 2255, alleging that the Bureau of Prisons (BOP) refuses to run his conviction entered by this Court concurrent with his conviction entered in an earlier case by the Northern District of Indiana. The factual and procedural background pertaining to the instant motion is as follows:

- In 1997, Toaz was sentenced in the Northern District of Indiana to 60 months imprisonment after pleading guilty to interstate travel in aid of racketeering and aiding and abetting. *See United States v. Toaz*, 59 F. App'x 94, 97 (6th Cir. 2003).

- On June 14, 2000, this Court sentenced Toaz to life in prison based on his convictions, following a jury trial, of conspiring to commit offenses against or to defraud the United States; conspiring to distribute and possess with intent to distribute methamphetamine; knowingly possessing stolen property valued at over $5,000; and being a felon in possession of a firearm. In particular, this Court sentenced Toaz to concurrent terms of life for the drug charge, five years for the fraud charge, and ten years for the theft and firearms charges. *Id.* at 97. The Court further ordered the sentence to run concurrently with the sentence imposed by the Indiana court.

- On March 8, 2004, Toaz filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. *Toaz v. United States*, No. 1:04-CV-148 (W.D. Mich.). This Court denied Toaz's § 2255 Motion on March 7, 2005, and the Sixth Circuit denied Toaz a certificate of appealability on July 22, 2005. *Id.*, ECF Nos. 23, 26.

- On May 19, 2008, Toaz filed a second § 2255 Motion and a motion for authorization to file a second or successive § 2255 Motion. *Toaz v. United States*, No. 1:14-CV-641 (W.D. Mich.), ECF Nos. 1, 2. On June 19, 2014, the Court transferred Toaz's motions to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *Id.*, ECF No. 4. On November 3, 2014, the Sixth Circuit denied Toaz's motion for authorization to file a second or successive § 2255 Motion. *Toaz v. United States*, No. 14-1801 (6th Cir. Nov. 3, 2014).

- On March 10, 2015, Toaz filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. On May 6, 2016, the Court granted Toaz's motion and reduced Toaz's sentence for the drug crime from life to 360 months imprisonment. *United States v. Toaz*, No. 1:97-CR-161, ECF No. 419. The remainder of the sentence was left intact.

- Toaz appealed the sentence reduction order to the Sixth Circuit, which affirmed in an unpublished order on June 29, 2017. *Id.*, ECF No. 427. Toaz argued, among other things, that the court of appeals should affirm the sentence reduction to the extent it left the original sentence unchanged, including that it runs concurrently with the Northern District of Indiana Sentence. Citing *United States v. Bowers*, 615 F.3d 715 (6th cir. 2010), the court of appeals observed that a court may review a final sentence "in only four specified situations," none of which Toaz had alleged. The court of appeals noted that a challenge to the execution or calculation of a sentence may only be brought pursuant to 28 U.S.C. § 2241, after exhausting administrative remedies.

- On March 2, 2015, Toaz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, arguing that the BOP improperly calculated the start date of the sentence this Court imposed. Toaz argued that the BOP should have calculated the sentence this Court imposed as commencing on October 14, 1994—the date Toaz was arrested on the charges underlying the Northern District of Indiana sentence. *Toaz v. United States*, No. 5:15-cv-102 (M.D. Fla.). On April 11, 2018, the Florida court entered an order denying the petition, noting that under Eleventh Circuit law, the sentence this Court imposed could not have commenced prior to the date it was imposed, and therefore, the BOP properly calculated Toaz's sentence. *Id.*, Doc. 18 at PageID 178.

Toaz's instant § 2255 Motion is subject to dismissal for several reasons. First, it is subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h), which "require[s] the presentation of new factual evidence or the demonstration of a new rule of constitutional law."

*Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Toaz alleges that the BOP refuses to properly execute his sentence, which is not a basis for avoiding the restrictions in § 2255(h). Second, as the Sixth Circuit noted in its June 29, 2017, Order, a challenge to the execution or calculation of a sentence must be brought under 28 U.S.C. § 2241. Toaz's instant § 2255 Motion is not the proper vehicle for challenging the execution of his sentence. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (stating that "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. 2241"). Finally, Toaz has already filed a habeas petition pursuant to 28 U.S.C. § 2241 in the district court having jurisdiction over the petition, and that court denied the petition.

Therefore, Toaz's motion under 28 U.S.C. § 2255 will be denied.

Dated: November 6, 2018                          /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE